**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1666**

JURALUK UPATCHA,

            Petitioner,

     v.

WILLIAM P. BARR, Attorney General,

            Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 14, 2019                  Decided: April 24, 2019

Before DIAZ and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Benjamin R. Winograd, IMMIGRANT & REFUGEE APPELLATE CENTER, LLC, Alexandria, Virginia, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Stephen J. Flynn, Assistant Director, Arthur L. Rabin, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following remand, *see Upatcha v. Sessions*, 849 F.3d 181 (4th Cir. 2017), Juraluk Upatcha, a native and citizen of Thailand, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's (IJ) denial of her application for a good faith marriage waiver under 8 U.S.C. § 1186a(c)(4)(B) (2012). For the reasons set forth below, we dismiss in part and deny in part Upatcha's petition for review.

On appeal, Upatcha challenges the agency's adverse credibility determination and the IJ's decision to credit her ex-husband's testimony over hers. We lack jurisdiction to consider these claims. *See* 8 U.S.C. §§ 1186a(c)(4), 1252(a)(2)(B)(ii) (2012); *Upatcha*, 849 F.3d at 185-86 ("[T]he courts have bifurcated their analysis of the good faith marriage inquiry, deeming credibility determinations and the weighing of evidence unreviewable but exercising jurisdiction over the distinct legal question of whether the evidence ultimately credited and deemed weighty by the agency meets the good faith standard." (internal quotation marks omitted)). We therefore dismiss this portion of the petition for review.

To the extent that Upatcha challenges the legal determination of whether her credited evidence met the statutory standard for a good faith marriage, we retain jurisdiction pursuant to § 1252(a)(2)(D). *See Upatcha*, 849 F.3d at 185-86. Based on our review of the record, we agree that Upatcha failed to submit sufficient evidence to satisfy the good faith standard under 8 U.S.C. § 1186a(c)(4)(B). *See* 8 C.F.R. § 1216.5(e)(2) (2018) (listing evidence the agency may consider in determining whether an alien entered

2

into marriage in good faith). We therefore deny this portion of the petition for review for the reasons stated by the Board. *See In re Upatcha* (B.I.A. May 14, 2018).

Finally, we have considered the various bases for Upatcha's claim that the IJ's conduct at the merits hearing violated her due process rights and find no error in the Board's conclusion that Upatcha failed to demonstrate that she was deprived of a fair hearing. *See* 8 U.S.C. § 1229a(b)(1) (2012) (giving IJs authority to "interrogate, examine, and cross-examine the alien and any witnesses"); *Sankoh v. Mukasey*, 539 F.3d 456, 467 (7th Cir. 2008) ("Unlike Article III courts, an immigration court is a more inquisitorial tribunal. Congress has given immigration judges the authority to interrogate, examine, and cross-examine the alien and any witnesses." (internal quotation marks omitted)); *see also Rusu v. INS*, 296 F.3d 316, 321-22 (4th Cir. 2002) (providing that alien must be "accorded an opportunity to be heard at a meaningful time and in a meaningful manner . . . [to] receive a full and fair hearing on [her] claims").

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART*
*AND DENIED IN PART*